Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
William C. Wright (WW 2213)
bwright@ipcounselors.com
EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Floor
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Volkswagen Group of America, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC. *Plaintiff* <br><br> v. <br><br> SUPERAUTO_DEAL *Defendant* | **CIVIL ACTION NO. 22-cv-04439** <br><br> **COMPLAINT** <br><br> **Jury Trial Requested** |

Plaintiff Volkswagen Group of America, Inc. ("VWGoA" or "Plaintiff"), a New Jersey corporation, by and through its undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1.      This action involves claims for counterfeiting of the federally registered Audi Marks (as defined *infra*) in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d); trademark infringement in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; dilution in violation of 15 U.S.C. § 1125(c); and federal unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)) (the "Action"). Plaintiff seeks injunctive relief, an accounting, compensatory damages, enhanced discretionary

damages, statutory damages, attorneys' fees and costs, and such other relief as the Court deems proper.

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a);15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.; 28 U.S.C. §1338(b) as an action arising out of claims for unfair competition; and 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3.      Personal jurisdiction exists over Defendant SuperAuto_deal ("Defendant") in this judicial district pursuant to N.Y. C.P.L.R. § 302(a)(1) and/or N.Y. C.P.L.R. § 302(a)(3) because, upon information and belief, Defendant regularly conducts, transacts, and/or solicits business in New York and in this judicial district, particularly via its fully interactive eBay storefront; contracts to supply and supplies its goods (including, upon information and belief, Counterfeit Products, as defined *infra*) and services to consumers in New York and in this judicial district; derives substantial revenue from its business transactions in New York and in this judicial district; otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process; and/or Defendant's infringing actions caused injury to Plaintiff in New York and in this judicial district, such that Defendant should reasonably expect its actions to have consequences in New York and in this judicial district.

4.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant is subject to personal jurisdiction here, Defendant conducts business in this

judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and/or harm to Plaintiff has occurred in this district.

## THE PARTIES

5.      VWGoA is a New Jersey corporation, with its principal office at 1950 Opportunity Way, Suite 1500, Reston, Virginia 20190.  VWGoA is a wholly owned subsidiary of Volkswagen US Holdings, Inc., which is, in turn, a wholly owned subsidiary of Volkswagen AG. By virtue of this corporate structure, Audi AG and VWGoA are sister companies.

6.      Pursuant to written agreement with Audi AG, VWGoA is responsible for the importation, distribution, marketing and sale of Audi-branded vehicles and related products in the United States. In addition, VWGoA is obligated to police and enforce Audi's trademarks in the United States, and with respect to this Action specifically, VWGoA has an exclusive right to enforce Audi AG's trademarks against Defendant. VWGoA and Audi AG are collectively referred to herein as "Audi".

7.      Upon information and belief, Defendant is the owner and/or operator of the "SuperAuto_deal" eBay storefront, whose precise identity and address are otherwise currently unknown.

8.      Upon information and belief, Defendant has engaged in the illegal conduct alleged herein, and has enriched itself, while Audi has suffered enormous financial injury.

## GENERAL ALLEGATIONS

### Plaintiff and the Well-Known Audi Products

9.      Audi AG is one of the world's leading automobile companies, with roots dating back to the early 1900s.

10.      Over the years, the Audi brand has become synonymous with luxury, innovation, and performance.

11.     Audi AG manufactures vehicles, along with vehicle parts, accessories, and other related goods, including but not limited to, license plate frames, plaques for affixing to automobiles, key rings, and key chains (collectively, the "Audi Products") under its Audi house mark (the "Audi Brand"), which, through Plaintiff, are sold through a network of licensed Audi dealerships throughout the United States, as well as via audiusa.com and aduicollectionusa.com.

12.     The Audi Brand is considered one of the most valuable brands in the world, and has consistently been listed in Interbrand's annual survey of the "Best Global Brands".

13.     Year after year, Audi and the Audi Products have received prominent accolades and awards from prestigious organizations both nationally and internationally, such as the World Car of the Year, the German Design Award, and the International Engine of the Year.

14.     For 2024 as a whole, Audi AG's revenue totaled 64.5 billion euros, its operating profit reached 3.9 billion euros, and net cash flow came in at 3.1 billion euros.[1]

15.     Audi's success is built on its commitment to technological advancement and high-quality engineering.

16.     The popularity of the Audi Brand is due in part to Audi's marketing and promotional efforts. These efforts include, among other things, television and print advertising, influencer marketing via social media, sponsorship and event marketing and various internet-based advertising.[2]

---

[1] *See* https://www.audi-mediacenter.com/en/press-releases/amc-2025-16570.
[2] *See Audi's Marketing Strategy Explained,* THE MARKETING EXPLAINERS, (June 26, 2024), https://www.marketingexplainers.com/audis-marketing-strategy-explained/.

17.    In the United States, the Audi Brand maintains a strong presence, with its brand awareness among U.S. consumers reaching 83% in 2023, thereby reflecting the success of Audi's marketing strategies.[3]

18.    Audi has accumulated over 3.6 billion engagements on social media, across various platforms such as YouTube and Instagram.[4]

19.    Audi has been at the forefront of automotive technology, introducing features such as quattro all-wheel drive and pioneering advancements in electric and hybrid vehicles.

20.    Today, Audi is a global leader in the luxury car market, known for its stylish designs, cutting-edge technology, and strong performance.

21.    Audi AG owns all registered and unregistered intellectual property rights in and to its Audi Brand and Audi Products.

22.    Audi AG has also protected its valuable rights by filing for and obtaining federal trademark registrations. For example, Audi AG owns the following in the United States:

| REGISTRATIONS | | | | |
|---|---|---|---|---|
| **MARK** | **REG. NO.** | **REG. DATE** | **INT'L CLASS** | **STATUS** |
| AUDI | 4,995,364 | Jul. 12, 2016 | 9, 12, 14, 16, 27, 28, and 37 | Incontestable |
| A3 | 3,098,878 | May 30, 2006 | 12 and 28 | Incontestable |
| A4 | 1,990,408 | Jul. 30, 1996 | 12 | Incontestable |
| A5 | 3,068,391 | Mar. 14, 2006 | 12 | Incontestable |
| A6 | 1,957,319 | Feb. 20, 1996 | 12 | Incontestable |

---

[3] *See* Sam Nguyen, *Audi Marketing: How To Win The Race In The Automotive Industry*, AVADA (Sept. 27, 2024), https://avada.io/blog/audi-marketing/.
[4] *See* Nina Sheridan, *Audi Marketing Mix 2025: A Case Study*, LATTERLY.ORG, (last viewed, June 10, 2025), https://www.latterly.org/audi-marketing-mix/.

| REGISTRATIONS | | | | |
|---|---|---|---|---|
| **MARK** | **REG. NO.** | **REG. DATE** | **INT'L CLASS** | **STATUS** |
| A7 | 3,355,302 | Dec. 18, 2007 | 12 | Incontestable |
| A8 | 2,067,529 | Jun. 03, 1997 | 12 | Incontestable |
| E-TRON | 4,078,535 | Jan. 03, 2012 | 12 and 28 | Incontestable |
| Q3 | 3,524,464 | Oct. 28, 2008 | 12 | Incontestable |
| Q5 | 3,112,195 | Jul. 04, 2006 | 12 | Incontestable |
| Q7 | 3,123,813 | Aug. 01, 2006 | 12 | Incontestable |
| QUATTRO | 1,283,271 | Jun. 26, 1984 | 12 | Registered |
| QUATTRO | 3,241,273 | May 15, 2007 | 12 and 18 | Incontestable |
| R8 | 3,076,893 | Apr. 04, 2006 | 12 | Incontestable |
| RS 3 | 3,966,469 | May 24, 2011 | 12 | Incontestable |
| RS4 | 2,889,135 | Sep. 28, 2004 | 12 and 18 | Incontestable |
| RS 7 | 4,440,628 | Nov. 26, 2013 | 12 | Incontestable |
| | 5,367,990 | Jan. 02, 2018 | 12 | Incontestable |
| | 4,405,143 | Sep. 24, 2013 | 12 | Incontestable |
| S LINE | 2,875,529 | Aug. 17, 2004 | 12 | Incontestable |
| S3 | 3,835,128 | Aug. 17, 2010 | 12 | Incontestable |
| S4 | 2,499,526 | Oct. 23, 2001 | 12 | Incontestable |

6

| REGISTRATIONS | | | | |
|---|---|---|---|---|
| **MARK** | **REG. NO.** | **REG. DATE** | **INT'L CLASS** | **STATUS** |
| S5 | 3,324,676 | Oct. 30, 2007 | 12 | Incontestable |
| S6 | 1,917,829 | Sep. 12, 1995 | 12 | Incontestable |
| S7 | 3,421,582 | May 06, 2008 | 12 | Incontestable |
| S8 | 2,534,302 | Jan. 29, 2002 | 12 | Incontestable |
| SQ5 | 3,970,590 | May 31, 2011 | 12 | Incontestable |
| TFSI | 3,521,639 | Oct. 21, 2008 | 12 | Incontestable |
| TFSI | 3,329,624 | Nov. 06, 2007 | 12 | Incontestable |
| TT | 2,519,018 | Dec. 18, 2001 | 12 | Incontestable |
| TT RS | 4,109,426 | Mar. 06, 2012 | 12 | Incontestable |
| TTS | 3,496,779 | Sep. 02, 2008 | 12 | Incontestable |
| | 3,201,037 | Jan. 23, 2007 | 12 | Incontestable |
| | 3,007,305 | Oct. 18, 2005 | 3, 6, 9, 12, 14, 16, 18, 21, 24, 25 and 28 | Incontestable |
| | 2,083,439 | Jul. 29, 1997 | 12 and 42 | Incontestable |

| REGISTRATIONS | | | | |
|---|---|---|---|---|
| **MARK** | **REG. NO.** | **REG. DATE** | **INT'L CLASS** | **STATUS** |
| E-TRON | 6,138,588 | Sep. 01, 2020 | 3, 6, 11, 14, 17, and 24 | Registered |
| | 5,457,305 | May 01, 2018 | 6 and 12 | Incontestable |
| | 5,718,753 | Apr. 09, 2019 | 12 | Registered |
| RS Q8 | 5,479,356 | May 29, 2018 | 12 | Incontestable |
| RS6 | 6,104,299 | Jul. 21, 2020 | 12 | Registered |
| RSQ6 | 6,976,392 | Feb. 14, 2023 | 12 | Registered |
| S LINE | 5,837,139 | Aug. 20, 2019 | 9 and 20 | Registered |
| SQ7 | 5,640,084 | Jan. 01, 2019 | 12 and 28 | Incontestable |
| SQ8 | 5,441,847 | Apr. 10, 2018 | 9, 12, 25, and 28 | Incontestable |
| | 5,993,653 | Feb. 25, 2020 | 12 | Registered |

(collectively, hereinafter, the "Audi Marks" and "Audi Registrations", respectively). True and correct copies of the Audi Registrations are attached hereto as **Exhibit A** and incorporated herein by reference.

23. Since at least as early as the dates set forth on the Audi Registrations, Audi has continuously and extensively used its distinctive and famous Audi Marks on or in connection with a wide range of goods and services, including the Audi Products.

24. Audi has invested a substantial amount of time, effort, and money promoting the Audi Marks, and the goods and services sold thereunder, including the Audi Products, over a prolonged period of time. As a result of Audi's efforts, the quality of the Audi Products, the extensive press and media coverage, the word-of-mouth buzz generated by consumers, and a tremendous volume of sales, the Audi Marks, individually and collectively, have become prominently placed in the minds of the public. Members of the public have become familiar with the Audi Marks, and have come to associate them exclusively with Audi AG. Audi AG has acquired a valuable reputation and goodwill among the public as a result of such associations. Indeed, the Audi Marks are famous in the United States, among other countries.

25. Audi has gone to great lengths to protect the Audi Marks. No one other than Audi is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Audi Marks without the express permission of Audi.

**Defendant's Wrongful and Infringing Conduct**

26. Particularly in light of Audi's success, the Audi Marks have become targets for unscrupulous individuals and entities, who wish to capitalize on the goodwill, reputation and fame that Audi has amassed in the same.

27. Through Plaintiff's investigative and enforcement efforts, Plaintiff learned of Defendant's actions, which vary and include, but are not limited to: using one or more of the Audi Marks, and/or marks or designations that are confusingly similar thereto (collectively, hereinafter, the "Infringing Marks"), in connection with Defendant's manufacturing, advertisement, marketing, promotion, offering for sale and/or sale of automobile parts and accessories

("Counterfeit Products") to U.S. consumers, including those located in the State of New York, through, at the very least, Defendant's "SuperAuto_deal" storefront on www.ebay.com ("Defendant's eBay Storefront")[5]. True and correct screenshots of Defendant's eBay Storefront, along with examples of Defendant's listings for Counterfeit Products thereon, are attached hereto as **Exhibit B** and incorporated herein by reference.

28.     In order to gather further evidence of Defendant's infringing conduct, on or about April 17, 2026, Plaintiff's counsel purchased Counterfeit Products from Defendant's eBay Storefront, which were shipped by Defendant and delivered to Plaintiff's counsel in New York, New York. A true and correct copy of Plaintiff's counsel order confirmation, and true and correct photographs of the Counterfeit Products received by Plaintiff's counsel in New York, are attached hereto as **Exhibit C** and incorporated herein by reference.

29.     In the specific listing for the Counterfeit Product purchased by Plaintiff's counsel, Defendant indicated that the following would be included in the package: "1 x Front Grill", "1 x Audi Ring (Black)", "1 RS/Emblem", "1 x quattro Letters", and "1 x License Plate Holder". Neither the "1 x Audi Ring (Black)" or "1 RS/Emblem" were received by Plaintiff's counsel.

30.     Plaintiff's counsel reached out to Defendant via eBay, and advised Defendant that the "1 x Audi Ring (Black)" and "1 RS/Emblem" were not received. In response, Defendant indicated that those parts should have been included in a smaller package within the larger box, and offered to ship these parts to New York, New York.

31.     In or about early May 2026, Plaintiff's counsel received the component Counterfeit Products from Defendant in New York. True and correct photographs of the component

---

[5] *See* https://www.ebay.com/str/superautodeal.

Counterfeit Products received by Plaintiff's counsel are attached hereto as **Exhibit D** and incorporated herein by reference.

32.     Plaintiff reviewed the photographs of the Counterfeit Products, and has confirmed that that they are indeed unauthorized, and counterfeit.

33.     Neither Audi nor any of Audi's authorized agents, including Plaintiff, have consented to Defendant's use of the Audi Marks, nor have they consented to Defendant's use of any identical or confusingly similar marks (i.e., the Infringing Marks).

34.     By Defendant's use of the Infringing Marks, as alleged herein, Defendant has violated Audi's rights in the famous Audi Marks and has used Infringing Marks that are confusingly similar to, identical to, and constitute dilution of the Audi Marks, to confuse consumers and aid in the promotion Defendant's Counterfeit Products.

35.     Defendant's conduct and use began long after Audi's adoption and use of its Audi Marks.

36.     Prior to and contemporaneous with its unlawful actions alleged herein, Defendant had knowledge of Audi AG's ownership of its Audi Marks and of the extraordinary fame and strength of the Audi Marks and the incalculable goodwill associated therewith, and in bad faith adopted the Infringing Marks.

37.     In fact, Defendant's knowledge of the infringing and illegal nature of its actions is further evidenced by Defendant's blurring of certain of the Audi Marks from photographs of Counterfeit Products on Defendant's eBay Storefront, as exemplified by the below:[6]

---

[6] *See* https://www.ebay.com/itm/293607440012?_skw=audi&itmmeta=01KRHECZSY978PJXJRV8DRGS98&hash=item 445c5dfe8c:g:Ol0AAOSwawxh6QOJ.



38.    Despite obscuring certain of the Audi Marks in photographs, Defendant then shipped Counterfeit Products featuring those same Audi Marks. *See* **Exhibit D**.

39.    Upon information and belief, despite Defendant's notice of the Audi Marks, via the extraordinary notoriety of the Audi Marks and otherwise, Defendant continues to engage in its illegal and infringing actions, as outlined herein, knowingly and intentionally, or with reckless disregard or willful blindness to Audi's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of the Audi Marks.

40.    Defendant's willful, wrongful actions alleged herein have impaired, and will continue to impair (absent Court intervention), the distinctiveness of the famous Audi Marks.

41.    Defendant's actions have caused, and will continue to cause, confusion, mistake, and deceive consumers, the public, and the trade with respect to the source or origin of Defendant's Counterfeit Products, and cause consumers to erroneously believe that the same are licensed by, or otherwise associated with Audi, thereby damaging Audi.

42.    In committing these acts, Defendant has, among other things, willfully and in bad faith committed the following, all of which have caused ,and will continue to cause, irreparable harm to Audi: infringed and diluted the Audi Marks, and committed unfair competition.

43.    Unless enjoined, Defendant will continue to cause irreparable harm to Audi.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting)**
**[15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]**

44.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45.    Audi has continuously used the Audi Marks in interstate commerce since on or before the dates of first use as reflected in the registration certificates attached hereto as **Exhibit A**.

46.    Plaintiff, which was granted the exclusive right to enforce the Audi Marks against Defendant, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

47.    Defendant was, at the time it engaged in its actions as alleged herein, actually aware that Audi AG is the owner of the Audi Registrations and Audi Marks.

48.    Defendant did not seek and thus inherently failed to obtain consent or authorization from Audi AG, as the registered trademark owner of the Audi Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell the Audi Products and/or related products bearing the Audi Marks into the stream of commerce.

49.    Defendant knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Audi Marks and/or that are identical or confusingly similar to the Audi Marks.

50.    Defendant knowingly and intentionally reproduced, copied and colorably imitated the Audi Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacture, importation, exportation, advertisement, marketing, promotion, distribution, display, offering for sale and/or sale of Defendant's Counterfeit Products.

51.    Defendant's egregious and intentional use of the Audi Marks in commerce on or in connection with Defendant's Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendant's Counterfeit Products are Audi Products or are otherwise associated with, or authorized by, Audi.

52.    Defendant's actions have been deliberate and committed with knowledge of Audi's rights and goodwill in the Audi Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

53.    Defendant's continued, knowing, and intentional use of the Audi Marks without Audi's consent or authorization constitutes intentional infringement of the federally registered Audi Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

54.    As a direct and proximate result of Defendant's illegal and infringing actions as alleged herein, Audi has suffered substantial monetary loss and irreparable injury, loss and damage to its business and valuable rights in and to the Audi Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Audi has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss and damage to Audi, and the valuable Audi Marks.

55.    Based on Defendant's actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Audi has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Trademark Infringement)**
**[15 U.S.C. § 1114/Lanham Act § 32(a)]**

56.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

57.    As noted *supra*, Audi has continuously used the Audi Marks in interstate commerce since at least as early as the dates set forth on the Audi Registrations.

58.    Plaintiff, which was granted the exclusive right to enforce the Audi Marks against Defendant, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

59.    Defendant was, at the time it engaged in its actions as alleged herein, actually aware that Audi AG is the owner of the federal trademark registrations for the Audi Marks.

60.    Defendant did not seek and thus inherently failed to obtain consent or authorization from Audi AG, as the registered trademark owner of the Audi Marks, to use the Audi Marks and/or Infringing Marks in connection with the advertisement, marketing, promotion, offering for sale and/or sale of Defendant's Counterfeit Products, or otherwise.

61.    Defendant's egregious and intentional use of the Infringing Marks in commerce on or in connection with the advertisement, marketing, promotion, offering for sale and/or sale of Defendant's Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public

15

as to the source or origin of Defendant's Counterfeit Products, and is likely to deceive the public into believing that Defendant's Counterfeit Products are Audi Products or are otherwise associated with, or authorized by, Audi.

62. Defendant's actions have been deliberate and committed with knowledge of Audi's rights and goodwill in the Audi Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

63. Defendant's continued, knowing, and intentional use of the Infringing Marks without Audi's consent or authorization constitutes intentional infringement of the federally registered Audi Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

64. As a direct and proximate result of Defendant's illegal and infringing actions as alleged herein, Audi has suffered substantial monetary loss and irreparable injury, loss and damage to its business and valuable rights in and to the Audi Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which  Audi has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss and damage to, Audi, and the valuable Audi Marks.

65. Based on Defendant's actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Audi has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(Trademark Dilution)**
**[15 U.S.C. § 1125(c)/Lanham Act § 43(c)]**

16

66.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

67.    Plaintiff, which was granted the exclusive right to enforce the Audi Marks against Defendant, has standing to maintain an action for trademark dilution under the Lanham Act § 43(c), 15 U.S.C. § 1125(c).

68.    The Audi Marks, individually and collectively, are inherently distinctive and/or have acquired distinctiveness, and are famous.

69.    Without Audi's authorization or consent, and with knowledge of Audi's well-known and prior rights in its Audi Marks, and long after the Audi Marks became famous, Defendant knowingly used Infringing Marks in connection with Defendant's Counterfeit Products, in or affecting interstate commerce.

70.    Defendant's intentional use of Infringing Marks is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of Defendant's Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the same originate from, are associated with or are otherwise authorized by Audi, thereby allowing Defendant to make substantial profits and gains to which it is not entitled in law or equity.

71.    Defendant's actions, as set forth herein, have diluted, and will continue to dilute, the famous Audi Marks, and are likely to impair the distinctiveness, strength and value of the Audi Marks, thereby injuring Audi's business and reputation.

72.    Defendant's unauthorized use of the Infringing Marks was done with notice and full knowledge that such use was not authorized or licensed by Audi or its authorized agents and with the deliberate intention to unfairly benefit from the incalculable goodwill inherent in the famous Audi Marks.

73.    Defendant's actions constitute willful dilution by blurring of the Audi Marks in violation of 15 U.S.C. § 1125(c).

74.    Defendant's acts have caused substantial and irreparable injury and damage to Audi, and the valuable Audi Marks for which Audi has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause damage to Audi and the valuable Audi Marks in an amount as yet unknown but to be determined at trial.

75.    Based on such conduct, Plaintiff is entitled to injunctive relief, damages that Audi has sustained and will sustain as a result of Defendant's actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117(a), and 1118, and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Federal Unfair Competition: False Designation of Origin)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

76.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

77.    Plaintiff, which was granted the exclusive right to enforce the Audi Marks against Defendant, has standing to maintain an action for unfair competition under the Lanham Act § 43(a), 15 U.S.C. § 1125.

78.    Defendant knowingly and willfully used Infringing Marks in connection with the advertisement, marketing, promotion, offering for sale and/or sale of Defendant's Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendant's Counterfeit Products are Audi Products, and/or that Defendant's Counterfeit Products are authorized, sponsored, approved endorsed or licensed by

18

Audi, and/or that Defendant is affiliated, connected or associated with Audi, thereby creating a likelihood of confusion by consumers as to the source of Defendant's Counterfeit Products, and allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, the Audi Marks and/or Audi Products, to Defendant's substantial profit in blatant disregard of Audi's rights.

79.    By using Infringing Marks that are identical, or confusingly similar, to the Audi Marks, Defendant has traded off the extensive goodwill of Audi and its Audi Marks to induce customers to purchase Defendant's Counterfeit Products, and will continue to induce such customers to do the same. Such conduct has permitted, and will continue to permit, Defendant to make substantial sales and profits based on the goodwill and reputation of Audi, which it has amassed through nationwide marketing, advertising, sales and consumer recognition.

80.    Defendant's use of the Infringing Marks has caused substantial injury to Audi's business and reputation.

81.    Defendant knew, or by the exercise of reasonable care should have known, that its adoption and commencement of and continuing use in commerce of the Infringing Marks would cause confusion, mistake, or deception among purchasers, users and the public.

82.    Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of the Audi Marks and Audi Products.

83.    As a direct and proximate result of Defendant's aforementioned actions, Defendant has caused irreparable injury to Audi by depriving Audi of the value of the Audi Marks as commercial assets, for which it has no adequate remedy at law, and unless immediately restrained,

Defendant will continue to cause substantial and irreparable injury Audi, and the goodwill and reputation associated with the value of the Audi Marks in an amount as yet unknown, but to be determined at trial.

84.　Based on Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief, as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Audi has sustained and will sustain as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief against Defendant:

A.　An award of Defendant's profits and Audi's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.　In the alternative to Defendant's profits and Audi's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.　An award of Defendant's profits and Audi's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the

20

Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for Defendant's willful trademark infringement of the federally registered Audi Marks, Defendant's willful trademark dilution under 15 U.S.C. §1125(c), and unfair competition under 15 U.S.C. §1125(a);

D.      A preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

    i.   manufacturing importing, exporting, advertising, marketing, promoting, distributing, displaying, offering sale, selling and/or otherwise dealing in Counterfeit Products;

    ii.   directly or indirectly infringing in any manner any of Audi's trademarks (whether now in existence or hereafter created) including, without limitation, the Audi Marks;

    iii.   using any reproduction, counterfeit, copy or colorable imitation of the Audi Marks to identify any goods or services not authorized by Audi;

    iv.   using the Infringing Marks or any of Audi's trademarks (whether now in existence or hereafter created) including, without limitation, the Audi Marks, or any other marks or designations confusingly similar thereto, in connection with Defendant's manufacture, importation, exportation, advertisement, marketing, promotion, distribution, display, offering for sale, and/or sale of Defendant's Counterfeit Products;

v.    using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Audi, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities by Audi;

vi.    engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein;

vii.    engaging in any other actions that constitute unfair competition with Audi;

viii.    engaging in any other act in derogation of Audi's rights;

ix.    secreting destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x.    effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this Action;

xi.    instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above;

E.    An order of the Court requiring that Defendant deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendant that infringe any of Audi's trademarks or other rights including, without limitation, the Audi Marks, or bear any marks or artwork that are confusingly similar to the Audi Marks pursuant to 15 U.S.C. § 1118;

F.    An order from the Court that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Counterfeit Products as described herein, including prejudgment interest;

G.    An order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession, which rightfully belong to Audi;

H.    An award of exemplary or punitive damages in an amount to be determined by the Court;

I.    Plaintiff's reasonable attorneys' fees;

J.    All costs of suit; and

K.    Such other and further relief as the Court may deem just and equitable.

23

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated:  May 28, 2026          Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY:    /S Kerry B.  Brownlee
        Kerry B. Brownlee (KB 0823)
        kbrownlee@ipcounselors.com
        Jason M. Drangel (JD 7204)
        jdrangel@ipcounselors.com
        William C. Wright (WW 2213)
        bwright@ipcounselors.com
        6 East 45th Street, 7th Floor
        New York, NY 10017
        Telephone: (212) 292-5390
        Facsimile: (212) 292-5391
        *Attorneys for Plaintiff*
        *Volkswagen Group of America, Inc.*